UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL NO.: L-11-147 |
| | § | |
| THREE HUNDRED NINETY THOUSAND | § | |
| AND NINETY AND NO/100THS | § | |
| ($390,090.00) DOLLARS UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant, | § | |

## COMPLAINT FOR FORFEITURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, Plaintiff in the above entitled and numbered cause, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and files this Complaint for Forfeiture against THREE HUNDRED NINETY THOUSAND AND NINETY AND NO/100THS ($390,090.00) DOLLARS UNITED STATES CURRENCY, hereinafter referred to as "the Defendant Currency," and would respectfully show the Court the following:

I.

Jurisdiction is conferred upon this Court by virtue of Title 28, United States Code, Sections1345 and 1355.

II.

This Court is a proper venue for this matter pursuant to Title 28, United States Code, Section 1395.

III.

The Defendant Currency is within the jurisdiction of the Court having been seized by the

United States Department of Homeland Security Investigations.

IV.

The Defendant Currency is monetary instruments which were attempted to be transported from a place inside the United States to a place outside the United States for which a report required by Title 31, United States Code, Section 5316 should have been filed but was not, and is, therefore, subject to forfeiture to the United States pursuant to Title 31, United States Code, Sections 5317(c)and 5332 (b)(2).

V.

In support of the assertions in paragraph IV., Plaintiff would respectfully show the Court the following:

Illegal controlled substances are typically purchased with cash in the form of United States currency. United States currency is used to pay for illegal drugs both because of its readily identifiable value and because of the difficulty in tracing cash transactions. Cash generated from the sale of illegal drugs in personal use quantities is accumulated by those engaged in those sales and used to pay for the drugs they sell, to purchase more drugs, and to pay persons for their services in furtherance of the narcotic trafficking enterprise. Large quantities of United States currency are needed and used to pay for illegal controlled substances in bulk quantities.

Because of the close connection between large quantities of cash and drug trafficking, laws have been passed to assist law enforcement authorities to detect the presence, use, and movement of cash in large quantities. Among these laws is Title 31, United States Code, Section 5316(a)(1)(A) which requires the reporting of the transportation of monetary instruments of more than $10,000.00 at one time from a place inside the United States to a place outside the United States. Title 31, United States Code, Section 5332 further prohibits the concealment of currency

in an attempt to avoid the currency reporting requirement of Title 31, United States Code, Section 5316(a)(1)(A).

On October 25, 2010 ALBERTO ROBLES-TISCARENO arrived at the Gateway to the Americas Bridge Port of Entry Number 1, in Laredo, Texas as driver and sole occupant in a 1999 Ford Ranger. Customs and Border Protection Officer(CBPO) Vicente Villarreal was conducting outbound operations. CBPO Villarreal received a negative oral declaration from ROBLES-TISCARENO for the possession of firearms, ammunition, currency, and any other type of monetary instruments in excess of $10,000.00. CBPO Villarreal referred the vehicle to a secondary inspection after ROBLES-TISCARENO made contradicting statements as to ownership of the vehicle. He first stated the vehicle was his and had purchased the vehicle four (4) days earlier. When asked for the vehicle registration, he recanted his statement and stated the real owner of vehicle was the individual whose name appeared on the registration. CBP Canine Enforcement Officer Ronald Ash and his dog "Aras" conducted a secondary inspection of the Ford Ranger. "Aras" alerted positively to the odor of currency or firearms odor emitting from the gas tank area of the vehicle. CBP Officers then placed the vehicle on a lift and inspected the interior of the gas tank with a fiber optic scope. The inspection revealed the presence of bundles of currency in the gas tank. 42 bundles of vacuumed sealed packages containing United States currency were removed from the gas tank; the amount of United States currency seized is THREE HUNDRED NINETY THOUSAND AND NINETY AND NO/100THS ($390,090.00) DOLLARS UNITED STATES CURRENCY.

VI.

By reason of the foregoing, the Defendant Currency is subject to an Order of Forfeiture to the United States of America.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays as follows:

1. That Notice of Forfeiture issue according to the normal procedure of the court citing all persons having an interest in the Defendant Currency to appear on the return day of said process and make such Claim and Answer as they may have;

2. That a Judgment of Forfeiture be decreed against the Defendant Currency;

3. That following a Judgement of Forfeiture, the Defendant Currency be disposed of according to law; and

4. For costs of this action, including costs of seizure, and for such additional relief to which Plaintiff may show itself entitled.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

BY:

　S/Mary Ellen Smyth　　　　　
Mary Ellen Smyth
Assistant United States Attorney

## VERIFICATION

I, Rene Montiel, Special Agent with the Department of Homeland Security Investigations Laredo, Texas, declare under penalty of perjury that I am one of the agents responsible for the investigation concerning this litigation. I have read the above Complaint for Forfeiture. Based upon the investigation conducted by myself, and of Customs and Border Protection Officers, and my review of that investigation, the information contained in paragraph V of the Complaint for Forfeiture is true and correct and establishes probable cause to seize and forfeit the Defendant Currency as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 4th day of November, 2011.

_____
Rene Montiel, Special Agent
Homeland Security Investigations
Laredo, Texas

SUBSCRIBED and SWORN to before me the undersigned Notary Public on this the 4th day of November, 2011.

MARTHA ANGEL GARZA
Notary Public, State of Texas
My Commission Expires
February 25, 2014

Feb. 25, 2014
My Commission Expires

_____
Notary Public for the State of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>THREE HUNDRED NINETY THOUSAND<br>AND NINETY AND NO/100THS<br>($390,090.00) DOLLARS UNITED STATES<br>CURRENCY,<br>    Defendant, | § § § § § § § § § § §<br><br>CIVIL NO.: L-11-147 |

**NOTICE OF FORFEITURE ACTION**

Notice is hereby given that an action styled as shown above has been brought by the United States of America, Southern District of Texas, Laredo Division on seeking to forfeit the following:

**THREE HUNDRED NINETY THOUSAND AND NINETY AND
NO/100THS ($390,090.00) DOLLARS UNITED STATES CURRENCY**

Said property was seized on October 25, 2010 by the United States Homeland Security Investigations and Customs and Border Protection in Laredo, Texas.

Anyone claiming an interest in this property and wishing to contest this forfeiture action must file a Claim in the above-referenced case within sixty (60) days of the first day of internet publication at www.forfeiture.gov of this action or if you are being served with actual notice, then within thirty (35) days of having been sent actual notice of this action. The Claim must be verified upon oath or solemn affirmation stating your interest in the property by which you claim a right to defend the forfeiture action. You must also file an Answer to the Complaint for Forfeiture within twenty-one (21) days after the filing of your Claim. Copies of both your Claim and Answer must be served upon: The United States of America, c/o U.S. Attorney's Office, Attn: Forfeiting Attorney,1100 Matamoros, Suite 200, Laredo, Texas 78040, and the U.S. District Clerk, 1300 Victoria St., Suite 1131, Laredo, Texas 78040.

                                                    KENNETH MAGIDSON
                                                  UNITED STATES ATTORNEY
Notice sent: _____          SOUTHERN DISTRICT OF TEXAS
Claim due: _____